UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITFIELD, | ) |
| Plaintiff, | ) ) ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| DEL TACO RESTAURANTS, INC., LAWRENCE F. LEVY, EILEEN APTMAN, JOHN D. CAPPASOLA, JR., VALERIE L. INSIGNARES, ARI B. LEVY, KAREN LUEY, R.J. MELMAN, and JOSEPH STEIN, Defendants. | ) ) ) ) ) ) ) ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.  This action stems from a proposed transaction announced on December 6, 2021 (the "Proposed Transaction"), pursuant to which Del Taco Restaurants, Inc. ("Del Taco" or the "Company") will be acquired by Jack in the Box Inc. ("Parent") and Epic Merger Sub Inc. ("Merger Sub").

2.  On November 5, 2021, Del Taco's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Parent and Merger Sub. Pursuant to the terms of the Merger Agreement, Del Taco's stockholders will receive $12.51 in cash for each share of Del Taco common stock they own.

3. On January 4, 2022, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Del Taco common stock.

9. Defendant Del Taco is a Delaware corporation and a party to the Merger Agreement. Del Taco's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "TACO."

10. Defendant Lawrence F. Levy is Chairman of the Board of the Company.

11. Defendant Eileen Aptman is a director of the Company.

12. Defendant John D. Cappasola, Jr. is a director of the Company.

13. Defendant Valerie L. Insignares is a director of the Company.

14. Defendant Ari B. Levy is a director of the Company.

15. Defendant Karen Luey is a director of the Company.

16. Defendant R.J. Melman is a director of the Company.

17. Defendant Joseph Stein is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

19. Del Taco offers a variety of both Mexican and American dishes such as burritos and fries, prepared in every restaurant's working kitchen with the convenience of a drive-thru.

20. On December 5, 2021, Del Taco's Board caused the Company to enter into the Merger Agreement.

21. Pursuant to the terms of the Merger Agreement, Del Taco's stockholders will receive $12.51 in cash per share.

22. According to the press release announcing the Proposed Transaction:

Jack in the Box Inc. (NASDAQ: JACK), one of the nation's leading QSR chains, and Del Taco Restaurants, Inc. (NASDAQ: TACO), the nation's second largest Mexican QSR chain by number of restaurants, today announced that the companies have entered into a definitive agreement pursuant to which Jack in the Box will acquire Del Taco for $12.51 per share in cash in a transaction valued at approximately $575 million, including existing debt. While this price per share offers an attractive premium to Del Taco shareholders, Jack in the Box estimates

that the transaction values Del Taco at a synergy adjusted multiple of approximately 7.6x trailing twelve months Adjusted EBITDA.

Founded in 1964, Del Taco serves more than three million guests each week at its approximately 600 restaurants across 16 states. 99% of Del Taco restaurants feature a drive-thru, helping to achieve strong off-premise sales and a diversified daypart mix. Jack in the Box and Del Taco will have more than 2,800 restaurants spanning 25 states with similar guest profiles, menu offerings and company cultures – both priding themselves on serving guests with unique variety, quality, innovation and value. Together, the companies will create a stronger QSR player with greater scale and the ability to enhance the guest experience while pursuing profitable growth.

. . .

Financing and Path to Completion

Jack in the Box intends to finance the acquisition through the issuance of additional securitization notes from its existing program with a financing commitment provided by BofA Securities, Inc.

The transaction is expected to close in the first calendar quarter of 2022 and is subject to customary closing conditions, including receipt of Del Taco shareholder approval and regulatory approvals.

Advisors

BofA Securities is serving as exclusive financial advisor and Gibson, Dunn & Crutcher LLP is serving as legal advisor to Jack in the Box. Piper Sandler & Co. is serving as exclusive financial advisor and McDermott Will & Emery LLP is serving as legal advisor to Del Taco.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

23.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

24.     As set forth below, the Proxy Statement omits material information.

25.     First, the Proxy Statement omits material information regarding the Company's financial projections.

26.     With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Piper Sandler & Co. ("Piper Sandler").

29. With respect to Piper Sandler's Selected Public Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies.

30. With respect to Piper Sandler's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions.

31. With respect to Piper Sandler's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates; (iii) Piper Sandler's basis for selecting the multiples used in the analysis; and (iv) the unlevered free cash flows used in the analysis and all underlying line items.

32. With respect to Piper Sandler's Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

33. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34. Third, the Proxy Statement fails to disclose the timing and nature of the past services Piper Sandler provided for the parties to the Merger Agreement and their affiliates, and the amount of compensation Piper Sandler received for providing the services.

35. Fourth, the Proxy Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained "don't ask, don't waive" provisions.

36. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

37. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Del Taco**

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Del Taco is liable as the issuer of these statements.

40. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

41. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

43. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Del Taco within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Del Taco and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

50. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or

8

necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 14, 2022       **RIGRODSKY LAW, P.A.**

           By: */s/ Gina M. Serra*
             Seth D. Rigrodsky
             Timothy J. MacFall
             Gina M. Serra
             Vincent A. Licata
             825 East Gate Boulevard, Suite 300
             Garden City, NY 11530
             Telephone: (516) 683-3516
             Email: sdr@rl-legal.com
             Email: tjm@rl-legal.com
             Email: gms@rl-legal.com
             Email: vl@rl-legal.com

             *Attorneys for Plaintiff*